Filed 12/30/15  In re Stephanie E. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re STEPHANIE E., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEPHANIE E.,<br><br>Defendant and Appellant. | F071959<br><br>(Super. Ct. No. 11CEJ300265-5)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Mary Dolas, Commissioner.

Susan M. O'Brien, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Gomes, J. and Detjen, J.

Stephanie E. (mother), appealed from the juvenile court's order terminating her parental rights (Welf. & Inst. Code, § 366.26)[1] as to her one-year-old daughter also named Stephanie E. (hereafter "Stephanie"). After reviewing the juvenile court record, mother's court-appointed counsel informed this court she could find no arguable issues to raise on mother's behalf. This court granted mother leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844 (*Phoenix H*.).)

Mother submitted a letter in which she asserts that she completed a parenting class and inpatient drug treatment, tested negative for drugs and regularly visited Stephanie. She attached two letters from a counselor at WestCare Women's Residential Program (WestCare) attesting to her progress and a certificate showing that she completed a parenting program. She complains, however, that her court-appointed attorneys have been ineffective, that she was not provided reasonable reunification services and that she was unable to "comprehend verbal instructions by court officials" as a result of a severe injury.

We conclude mother failed to address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

These dependency proceedings were initiated in August 2014 by the Fresno County Department of Human Services (department) after mother and then newborn Stephanie tested positive for methamphetamine. Mother admitted using methamphetamine the day before she delivered Stephanie. She told the social worker she

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2.

was on a waiting list for WestCare and the Fresno Rescue Mission. The department placed Stephanie with her maternal aunt, Lisa E.

This was not the department's first involvement with mother. The department received numerous referrals involving child neglect and abuse beginning in 1998. In addition, in December 2011, the department removed mother's four sons ranging in age from 21 months to 13 years because of her drug abuse and domestic violence. Mother was provided reunification services which included drug treatment but she failed to comply. Consequently, the juvenile court terminated her reunification services. The court also terminated its dependency jurisdiction as to mother's oldest son and granted his father sole legal and physical custody. The court placed mother's three youngest sons with their maternal aunt, Lisa E.

In December 2014, following a contested jurisdictional/dispositional hearing, the juvenile court exercised its dependency jurisdiction, ordered Stephanie removed from mother's custody, denied mother reunification services and set a section 366.26 hearing.

Prior to the section 366.26 hearing, mother filed a petition under section 388 asking the juvenile court to modify its order denying her reunification services and to enter an order granting her reunification services and increased visitation. She stated in her petition that she regularly visited Stephanie and that they had a close relationship. She also stated she had been participating in Narcotics Anonymous meetings since February 2015, was on the waiting list for WestCare and would begin Fresno New Connections outpatient treatment in mid-March 2015.

In March 2015, the juvenile court denied mother's section 388 petition finding that her recent enrollment in services was insufficient to warrant a modification of its order. Mother did not appeal from the court's denial of her section 388 petition.

In April 2015, mother entered WestCare's six-month residential drug treatment program.

In its report for the section 366.26 hearing, the department advised the juvenile court that, though mother regularly visited Stephanie, Stephanie regarded Lisa and her fiancé as her parents and that Lisa and her fiancé wanted to adopt Stephanie. Consequently, the department recommended the juvenile court terminate mother's parental rights and free Stephanie for adoption.

In June 2015, the juvenile court conducted a contested 366.26 hearing. Mother testified she visited Stephanie twice a week for an hour and that visits went well. Stephanie reached out to mother to be held and was affectionate with her throughout the visit. Stephanie was also accepting and not sad when the visit ended. Mother did not want the court to terminate her parental rights because she wanted "a chance to be a normal mom every day [with Stephanie]." She wanted the court to order legal guardianship.

John E., Stephanie's maternal grandfather, testified that Stephanie and mother were bonded and that mother took good care of Stephanie during their visits. He believed it would be detrimental to Stephanie to terminate mother's parental rights because it could result in a complete severance of her familial connection if something dire happened to Lisa. He also said that mother had decided to go to cosmetology school and get a job and he believed she had proven herself committed to her recovery.

At the conclusion of the hearing, the juvenile court found that Stephanie was adoptable. The court also considered how terminating mother's parental rights would impact Stephanie's relationship with her siblings and found that it would not substantially interfere with those relationships. The court also considered mother and Stephanie's relationship and how severing it would affect Stephanie. The court found that mother and Stephanie had a relationship but that their bond was not so strong that it outweighed the benefit Stephanie would derive from adoption. Consequently, the court terminated mother's parental rights.

This appeal ensued.

## DISCUSSION

An appealed from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights. (*In re Marilyn H*. (1993) 5 Cal.4th 295, 309.) If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption). The party seeking to establish the existence of one of the section 366.26, subdivision (c)(1)(B) exceptions has the burden of producing that evidence. (*In re Megan S*. (2002) 104 Cal.App.4th 247, 252.)

Mother does not contend the juvenile court erred in not applying any of the exceptions to adoption. Instead, she attempts to challenge the effectiveness of counsel, reasonableness of reunification services and her ability to comprehend the proceedings, issues which for the most part are not reviewable as we now explain.

"As a general rule, a party who does not raise an argument below forfeits the argument on appeal." (*In re Abram L.* (2013) 219 Cal.App.4th 452, 462.) Further, the juvenile court's orders and findings not timely appealed are final and binding. (*In re Meranda P*. (1997) 56 Cal.App.4th 1143, 1149-1150.)

Mother contends her court-appointed attorneys have been ineffective since December 2011. However, all of the juvenile court's rulings since December 2011, with the exception of the order terminating her parental rights as to Stephanie, are now final and not subject to our review. Further, to the extent mother contends her trial counsel was ineffective at the section 366.26 hearing, she would have to do more than make a

general assertion to that effect. Rather, she would have to specify how trial counsel was ineffective and how she was prejudiced as a result. (*In re Kristin H*. (1996) 46 Cal.App.4th 1635, 1667-1668.)

At the section 366.26 hearing, mother's attorney attempted to establish that termination of her parental rights would be detrimental to Stephanie. She did so by invoking the beneficial relationship exception to adoption, which states "The parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." (§ 366.26, subd. (c)(1)(B)(i).) Her attorney also sought to invoke the sibling relationship exception which renders adoption detrimental if it would substantially interfere with a child's sibling relationship. (§ 366.26, subd. (c)(1)(B)(v).) The juvenile court, however, was not persuaded and declined to apply the exceptions.

Mother has not shown how her attorney's presentation of her case was deficient and that, but for that deficiency, the juvenile court would have ruled in her favor. Therefore, any claim of ineffective assistance of counsel fails.

Mother further contends she was not provided reasonable reunification services and that she was unable to understand the proceedings because of a severe injury she suffered. As we stated above, all of the juvenile court's prior orders and findings, including its reasonable services findings, are final and not reviewable. As to mother's injury, we have reviewed the record as it pertains to the section 366.26 hearing and there is no mention that mother suffered an injury or that she had any physical or mental condition that precluded her from understanding the proceedings.

Finally, with respect to the documentation mother provided concerning her progress, it is not relevant as to whether adoption is the appropriate plan for Stephanie. Rather, it bears on mother's progress in treating her drug abuse which was not a factor the juvenile court considers at that late stage. Further, we note that the documents are either dated after the section 366.26 hearing or are not part of the appellate record.

Consequently, even if they were relevant, we would not have reviewed them. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405, 413 [reviewing court generally confined to matters before the juvenile court].)

We conclude mother failed to show good cause that an arguable issue exists and dismiss the appeal.

## DISPOSITION

This appeal is dismissed.